■ In the Matter of the Claim of ANNE LEDWITH, Respondent, against HENRY BIRGEL & SONS, INC., et al., Appellants, and CONCORD VILLAGE et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of compensation

made by the Workmen's Compensation Board to the widow of a deceased employee. This is a heart case. At the time of his death decedent was employed as a general helper in the printing plant of the employer and his duties included making daily bank deposits and messenger work. He had worked for the employer about three months before the fatal heart attack. On July 2, 1953 he was given funds to deposit at the Corn Exchange Bank which was seven blocks from the plant where he was employed. Apparently he used the subway to get there. While he was standing in line to make a deposit he felt a dizzy spell, and after making the deposit he waited outside of the bank until an ambulance came and took him to a hospital. He died on July 4th. Decedent had suffered from arteriosclerotic heart disease for at least eight years prior to his death. The hospital records indicate that he had attacks of precardial pain which lasted several hours for three months immediately preceding the fatal attack, and that such attacks were usually brought on by tenseness and had no relation to physical exertion. There is also testimony that decedent habitually carried nitroglycerine tablets, and on the day of his last attack he had taken 40 of such tablets. We can find no substantial evidence in the record to support a finding that decedent was subjected to unusual effort or strain at the time in question. He was performing his usual duties and there was nothing about his trip to the bank to make a deposit that was out of the ordinary. It would seem that his physical condition was such that the ordinary wear and tear of life might well have precipitated the attack. We suggest that the board reconsider the claim and the testimony in support thereof in the light of *Matter of Burris* v. *Lewis* (2 N Y 2d 323). Award reversed, with costs to appellants against the Workmen's Compensation Board and the matter remitted to the board. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.